**NOT FOR PUBLICATION**



FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES E. LYONS; TINA NGUYEN; MARY JANE MCCARTHY; A. FRANK ROTHSCHILD,<br><br>Petitioners,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION; et al.,<br><br>Respondents. | No. 14-72991<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Federal Aviation Administration

Argued and Submitted December 14, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,[**] District Judge.

Petitioners James E. Lyons, Tina Nguyen, Mary Jane McCarthy, and A.

Frank Rothschild timely seek judicial review, pursuant to 49 U.S.C. § 46110, of a

final action of the Federal Aviation Administration's ("FAA"). Reviewing under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

the standards of the Administrative Procedure Act, <u>Barnes v. U.S. Dep't of Transp.</u>, 655 F.3d 1124, 1132 (9th Cir. 2011), we deny the petition.

1. The FAA did not pre-judge the environmental impacts of the proposed project. Read most naturally, the challenged statement in the FAA letter means only that, if the analysis of the project were to demonstrate significant impacts, then the project would be altered or tabled. The agency conducted an extensive, detailed, mathematical analysis of the anticipated noise impacts. <u>See</u> <u>City of Mukilteo v. U.S. Dep't of Transp.</u>, 815 F.3d 632, 638 (9th Cir. 2016) ("[A]pproving a schedule which included the date a FONSI <u>could</u> issue did not obligate the FAA to reach a Finding of No Significant Impact. The FAA simply identified its preferred outcome and laid out an optimistic timetable for achieving that outcome.").

2. The FAA's use of estimated future flights and flight tracks was not arbitrary and capricious. The very nature of modeling forecasts requires an agency to use reasonable estimates that it develops from its expertise. <u>See, e.g.</u>, <u>City of Mukilteo</u>, 815 F.3d at 637 (noting that "we are to defer to the FAA especially in areas of agency expertise such as aviation forecasting" (internal quotation marks omitted)).

3. The FAA properly assumed that the adoption of the proposed action would not result in an increased number of flights in the Metroplex. As in Seattle Community Council Federation v. FAA, 961 F.2d 829, 836 (9th Cir. 1992), this project "is not designed to induce growth but rather to enhance the safety and efficiency of [existing] traffic." See also Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 580 (9th Cir. 1998) ("Growth certainly may be a foreseeable indirect effect of the [project]. However, the project was implemented in order to deal with existing problems," so growth need not be discussed in the environmental assessment.); Barnes, 655 F.3d at 1138 (describing the holdings of Morongo Band and Seattle Cmty.).

4. The FAA properly used a baseline that incorporated the noise levels from an anticipated increase in the number of flights over time. See Cascadia Wildlands v. Bureau of Indian Affairs, 801 F.3d 1105, 1112 (9th Cir. 2015) ("An agency can take a 'hard look' at cumulative impacts . . . [by] incorporating the expected impact of [a reasonably foreseeable] project into the environmental baseline against which the incremental impact of a proposed project is measured.").

**Petition DENIED.**